# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT P. GONZALES,<br>Plaintiff,<br>v.<br>ROBERT C. LAMANUZZI, et al.,<br>Defendants. | **Case No. 1:19-cv-00130-LJO-SKO**<br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDER, FAILURE TO STATE A CLAIM, AND FAILURE TO PROSECUTE**<br>**(Doc. 2)**<br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff Robert P. Gonzalez, a state prisoner, filed this action on the form for claims brought under 28 U.S.C. § 1983. (Doc. 1.) Plaintiff contends he was provided ineffective assistance of counsel, was denied his right to a speedy trial, and was denied the equal protection of law by Defendants Robert C. Lamanuzzi, Charles M. Barrett, and the Fresno County District Attorney's Office. (*Id*.) Plaintiff has neither paid the applicable filing fee, nor filed an application to proceed *in forma pauperis*.

On February 14, 2019, the Court issued an order noting that it was difficult to discern whether Plaintiff intended to file a *habeas* petition or a civil rights action under 42 U.S.C. § 1983, and provided the form complaints for both types of actions. (Doc. 2.) The Court granted Plaintiff leave to file an amended complaint on the form that corresponds with the action he intended to pursue within twenty-one (21) days. (*See id*.) The Court advised Plaintiff that if he chose to file an amended complaint, he must either pay the filing fee or file an application to proceed *in forma*

1

*pauperis*. (*See id*.) More than thirty days have passed, and Plaintiff has failed to file an amended complaint or otherwise respond to the Court's order.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Further, when served at Plaintiff's address of record, the February 14, 2019 order was returned as undeliverable on February 22, 2019. Local Rule 183(b) provides that:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

L.R. 183(b). Although more than sixty-three days have passed since the order was returned as undeliverable, Plaintiff has not contacted the Court to request an extension, or to otherwise explain his lack of compliance with the order.

///
///
///
///
///
///

| | |
|---|---|
| 1 | Accordingly, Plaintiff is **ORDERED** to show cause **within twenty-one (21) days** of the |
| 2 | date of service of this order why the action should not be dismissed for Plaintiff's failure to state a |
| 3 | claim, to prosecute, and to comply with the Court's order.  Alternatively, within this same time |
| 4 | period, Plaintiff may file a first amended complaint accompanied by the applicable filing for or *in* |
| 5 | *forma pauperis* application, or a notice of voluntary dismissal. |

IT IS SO ORDERED.

Dated:  **May 3, 2019**                                       /s/ *Sheila K. Oberto*
                                                                              UNITED STATES MAGISTRATE JUDGE